No. 22,463.

E. J. WITHRODER, *Appellee and Appellant,* v. M. C. ELMORE, G. O. COMBS, and J. H. LESLIE, *Appellants and Appellees.*

SYLLABUS BY THE COURT.

SALE—*Interest in Oil Lease—Purchasers to Form Association—Fiduciary Relation of Vendor to Prospective Purchasers.* Where one buys a piece of property on his own account and thereafter sells interests in it to different persons in pursuance of a plan to form an association to handle it, in making such sales he occupies no fiduciary relation to the prospective purchasers, and is not bound to inform them what the property cost him, or to refrain from charging them more than a proportionate part of what he had paid for it.

Appeal from Reno district court; FRANK F. PRIGG, judge. Supplemental opinion filed March 6, 1920. (For original opinion of affirmance, see *ante,* p. 300.)

*F. L. Martin, John M. Martin,* and *Walter F. Jones,* all of Hutchinson, for the appellants.

*C. M. Williams,* and *D. C. Martindell,* both of Hutchinson, for the appellee.

The opinion of the court was delivered by

MASON, J.: In this case the plaintiff sued for the return of money he had paid for an interest in an oil and gas lease, on the ground that fraud had been practiced upon him. He asked for the full amount of $1,000, and recovered judgment for $800. An appeal was taken by the defendants, in the course of which the plaintiff, on his part, complained of the refusal of instructions asked by him. In the original opinion this court declined to pass upon the question raised by way of cross appeal, because of the assumption, due to a mistake of the writer, that the plaintiff had filed no motion for a new trial. The filing of such a motion was shown by the recitals of the journal entry of judgment, which was set out in full in the abstract, but escaped notice in an examination which was less careful than it should have been, and doubtless would have been but for the fact that the plaintiff did not ask this court to order a new trial, but to direct a judgment for the full amount of the claim, and requested that the proposition referred to should be passed upon because of the pendency of other actions involving the same point.

The requested instructions, the refusal of which is complained of by the plaintiff, were substantially to this effect:

If the defendants bought the lease for the purpose of organizing a corporation or association to operate it, or to hold it for sale at a profit, and proceeded to procure subscriptions for interests in such an organization, and induced the plaintiff and others to make such subscriptions and pay the amounts subscribed, then the defendants occupied a·fiduciary relation to such subscribers and were under obligations to act toward them with the utmost good faith, and to disclose to them all the material facts connected with the procuring of the lease, and if they did not disclose such facts, or if they made a secret profit in the sale of the lease to such subscribers, their conduct in that regard would entitle the subscribers to .a rescission of the subscription and a return of their money.

In other words, the court was asked to say that for the plaintiff to recover he was not required to show an over-statement by the defendants of the amount they had paid for the lease, but that it would be sufficient if he showed that

they had not told him how much the lease had cost them, and had charged him for his interest more than the proportionate part of the amount they had actually paid. The principle invoked is that the promoter of a corporation, because of the fiduciary relation he occupies, will ordinarily not be permitted to retain a secret profit made out of his dealings with the company, or with others while he is acting in its behalf. (1 Fletcher's Cyclopedia Corporations, § 135; 10 Cyc. 274; 7 R. C. L. 70-74; *Hayden v. Green*, 66 Kan. 204, 71 Pac. 236.) The plaintiff argues, no doubt correctly, that the rule is not peculiar to transactions relating to a corporation, but applies with equal force where the organization being promoted is a partnership or other unincorporated association. The cases to which the rule applies, however, are ordinarily those in which the promoter either acts as the agent of the association in buying the property and for that reason is bound to give it the full benefit of his bargain, or sells his own property to the association while he is in a position to control or at least to influence its assent to the deal, and for that reason is required to make a full disclosure of his connection with the matter, including the amount of his investment. In such a situation as that here presented the relations of the parties are as declared in the course of an opinion the following portion of which has been often quoted with approval by courts and text-writers:

. "Any man or number of men, who are the owners of any kind of property, real or personal, may form a partnership or association with others, and sell that property to the association at any price which may be agreed upon between them, no matter what it may have originally cost, provided there be no fraudulent misrepresentation made by the vendors to their associates. They are not bound to disclose the profits which they may realize by the transaction. They were in no sense agents or trustees in the original purchase, and it follows that there is no confidential relation between the parties which affects them with any trust. It is like any other case of vendor and vendee. They deal at arm's length. Their partners are in no better position than strangers. They must exercise their own judgment as to the value of what they buy." *(Densmore Oil Co. v. Densmore*, 64 Pa. St. 43, 49, 50, quoted in 1 Fletcher's Cyclopedia Corporations, § 138, p. 291, and in cases there cited; also, in Elliott on Private Corporations 4th ed. § 54, and 1 Clark and Marshall's Private Corporations, § 110*b*, p. 330.)

That reasoning is sound as applied to the facts of this case. The defendants, according to the allegations of the petition, had purchased the lease and afterwards proceeded to organize a company to handle it. While they planned the forming of such an association, of which purchasers of interests in the lease should become members, their deal with the plaintiff, as in the case of other subscribers, was essentially the sale by them to him of an undivided interest therein. The transaction was spoken of by witnesses as the purchase of stock, but was accurately described in the petition as subscribing and paying for an interest in the lease. The defendants were not acting for the association in the purchase of the property from the original owner, or for the plaintiff in the sale of an interest therein to him. They stood in no fiduciary relation to him and owed him no exceptional duty. They were of course bound to tell him nothing but what was true, but were under no obligation to accept from him no more than what the share he was buying had cost them, or to inform him how much they had paid for the whole property.

If the defendants had been delegated by the prospective members of the association to select and purchase a property suitable for its purposes, they would of course not have been permitted to make a secret profit out of the transaction. And if they had controlled the action of the group which was to form the association while it was collectively buying a property from them, it might have been under a like restraint. But the situation here presented is quite different from those suggested. We approve the action of the trial court in refusing to give the requested instructions.

The question just discussed having been submitted at the hearing of the case, but not passed upon, there is no occasion for granting the motion for a rehearing already filed. The present decision, being upon the original submission, is however itself open to another motion of that character.

The judgment is affirmed.